UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No.   2:09-cr-59-FtM-29SPC

DETRICK SMITH
_____


**OPINION AND ORDER**

On December 16, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #40) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #18) be denied.  Defendant, through counsel, filed Objections (Doc. #47) on January 12, 2010.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party."  Jeffrey S. v. State

Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

Defendant makes three objections to the Report and Recommendation: (1) The stop of his vehicle was unlawful, contrary to the findings in the Report and Recommendation; (2) the continued detention after the traffic stop was unlawful; and (3) there was no probable cause to support the search of the vehicle. After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge. The Court overrules each objection, but adds the following to the discussion of the traffic stop.

Defendant argues that the stop of his vehicle was unlawful because the government must "establish that Mr. Smith did, in fact, commit the traffic violation that was the alleged basis of the stop." (Doc. #47, p. 2.) If this argument is intended to be taken literally, it is clearly incorrect. An officer needs only probable cause of a traffic violation in order to justify a vehicle stop under the Fourth Amendment. Whren v. United States, 517 U.S. 806 (1996). What defendant actually seems to argue, however, is not

that the government must factually prove the traffic violation but rather that the facts observed simply do not constitute the traffic violation for which the officer made the stop.

Officer Erin Campbell stopped defendant for failure to maintain a single lane, in violation of FLA. STAT. § 316.089. In pertinent part, this statute provides:

> Whenever any roadway has been divided into two or more clearly marked lanes for traffic, the following rules, in addition to all others consistent herewith, shall apply:
>
> (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
>
> . . .
>
> (5) A violation of this section is a noncriminal traffic infraction, punishable as a moving violation as provided in chapter 318.

FLA. STAT. § 316.089. Relying upon Crooks v. State, 710 So. 2d 1041 (Fla. 2d DCA 1998), and Jordan v. State, 831 So. 2d 1241 (Fla. 5th DCA 2002), defendant argues that the conduct observed by the officer failed to satisfy the statutory requirements because there was no safety concern created by his conduct. These cases have been cited for the proposition that "the failure to maintain a single lane alone cannot establish probable cause when the action is done safely." Hurd v. State, 958 So. 2d 600, 603 (Fla. 4th DCA 2007). The Court finds these cases distinguishable, as have several Florida appellate courts.

As the Report and Recommendation correctly states (Doc. #40, pp. 2-3, 19), shortly after 1:00 a.m., the officer observed the vehicle leave a local motel and head northbound on Cleveland Avenue, traveling in the far right lane. The officer observed the vehicle swerve off of the road, cross over the right white line with both front and rear tires for several seconds, and almost hit the curb. While suspecting that the driver was drunk, the officer followed to give the driver another chance. The officer again observed the vehicle swerve out of the lane and cross over the right white line with both wheels, again almost striking the curb. When the vehicle made a right turn onto Hanson Street, the officer observed it turn across the double yellow lines into the left lane designated for oncoming traffic, then correct by moving into the proper lane of travel. The officer then made the traffic stop, ultimately issuing tickets for failure to maintain a single lane and a safety belt violation.

As <u>Hurd</u> noted, under Florida law, "a stop is permitted even without a traffic violation, so long as the stop is supported by a reasonable suspicion of impairment, unfitness or vehicle defects." <u>Hurd</u>, 958 So. 2d at 603. Thus, as <u>Hurd</u> stated:

> [T]he failure to maintain a single lane alone, may, under appropriate circumstances, establish probable cause. <u>See Roberts v. State</u>, 732 So. 2d 1127, 1128 (Fla. 4th DCA 1999) (weaving several times within a single lane held sufficient to justify a stop where there was no evidence to show endangerment to others and where no traffic violation had occurred); <u>Yanes v. State</u>, 877 So. 2d 25, 26-27 (Fla. 5th DCA 2004) (where an officer observes a driver cross the white line on the right side of the road

-4-

three times within a mile, each time crossing the line by approximately one-half of the vehicle's width, provided sufficient evidence to stop the vehicle for a violation of section 316.089).

Id. (citations omitted). Similarly, State v. Rodriguez, 904 So. 2d 594, 598 (Fla. 5th DCA 2005) (citations omitted), stated: "A stop may be justified even in the absence of a traffic infraction when the vehicle is being operated in an unusual manner. A legitimate concern for the safety of the public can warrant such a stop." Yanes v. State, 877 So. 2d 25, 26-27 (Fla. 5th DCA 2004) stated:

> Unlike Jordan and Crooks, here there was evidence that Appellant deviated from his lane by more than what was practicable. To do so is a violation of the statute, irrespective of whether anyone is endangered. Furthermore, unlike Jordan and Crooks, here evidence was adduced that Appellant's abnormal driving caused the deputy to suspect that Appellant was impaired or otherwise unfit to drive. We think his suspicion was well-founded, thereby justifying the stop, even in the absence of a traffic violation.

Accordingly, the Court agrees with the Report and Recommendation and concludes that the stop of the vehicle was lawful. The Court will adopt the Report and Recommendation and will deny the motion to suppress evidence.

Accordingly, it is now

**ORDERED:**

1. The Magistrate Judge's Report and Recommendation (Doc. #40), as supplemented by this Opinion and Order, is **ACCEPTED and ADOPTED**, and it is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Evidence (Doc. #23) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  20th  day of January, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Sheri Polster Chappell
U.S. Magistrate Judge

Counsel of Record
DCCD