UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                                    2:09-cr-59-FtM-29SPC

DETRICK C. SMITH
_____

**OPINION AND ORDER**

     This matter came before the Court on February 3, 2010 for trial. Defendant Detrick C. Smith (defendant or Smith) executed a written Waiver of Right to Trial By Jury and Request for Specific Findings of Fact (Doc. #58), which was co-signed by his attorney and consented to by the United States. In open court defendant confirmed his signature on the waiver form and his desire to waive a jury trial, and the Court approved the waiver and signed the waiver form. (See id.) The government's evidence consisted of various photographs and stipulations. (Doc. #60.) Defendant presented no additional evidence, and the Court heard brief argument at the conclusion of the bench trial.

     Defendant is charged in a one-count Indictment (Doc. #1) with possessing two firearms and ammunition on or about January 19, 2009, after having been convicted of five felony offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(e) and Section 2. Title 18 U.S.C. § 922(g)(1), provides in relevant part that "[i]t shall be unlawful for any person-(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; . . . to . . . possess in or affecting commerce, any firearm

or ammunition."  "To prove that a defendant committed an offense under 18 U.S.C. § 922(g)(1), the government must show that (1) he or she knowingly possessed a firearm or ammunition, (2) he or she was previously convicted of an offense punishable by a term of imprisonment exceeding one year, and (3) the firearm or ammunition was in or affecting interstate commerce." United States v. Palma, 511 F.3d 1311, 1315 (11th Cir. 2008).  Section 922(g) "is a strict liability offense that 'does not require the prosecution to prove that the criminal acts were done with specific criminal intent.'" Palma, 511 F.3d at 1315 (quoting United States v. Deleveaux, 205 F.3d 1292, 1298 (11th Cir. 2000)).

In Stipulation #1 (Government's Exh. #2), the parties stipulated that defendant "previously had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony criminal offense."  Based upon this stipulation, the Court finds beyond a reasonable doubt that defendant was a convicted felon at the time of the incident in this case, i.e., that defendant had been convicted in a court of a crime punishable by imprisonment for a term in exceeding one year.

The facts surrounding the January 19, 2009, traffic stop that ultimately led to the discovery of two firearms are set forth in Stipulations #3 and #4 (Government's Exhs. ##4, 5), which the Court adopts.  These events took place in the City of Fort Myers, Florida within the Fort Myers Division of the Middle District of Florida. For the reasons set forth in the Report and Recommendation (Doc.

#40) and the Opinion and Order (Doc. #48), the Court finds that the traffic stop and resulting seizures were lawful.

In summary, the Stipulations establish that defendant was the driver of the Cadillac stopped by the officers. Seated in the front passenger seat was Michael Miles, while Jean Montez was the back seat passenger. During a search of the Cadillac an officer discovered a Skyy Industries 9 mm Luger, semi-automatic pistol, serial number 001291 (the Skyy pistol) under the driver's seat. The Skyy pistol was loaded with seven rounds of Winchester-Western 9 mm Luger ammunition, and was easily accessible to the driver. Approximately 3.8 grams (total packaged weight) of crack cocaine was discovered in the center console. Defendant resisted arrest, fled down the street, and was ultimately apprehended, handcuffed, and placed under arrest.

The search of the Cadillac was completed, resulting in the discovery of a Taurus .38 caliber revolver, serial number JB61158 (the Taurus revolver) under the front passenger seat. The Taurus revolver was loaded with three rounds of Master .38 caliber ammunition, and was easily accessible to Miles. Next to the Taurus revolver, an officer found an orange medicine container wrapped in black tape containing pieces of crack cocaine weighing approximately 4.9 grams (prepackaged weight). A "baggie" containing approximately .4 grams of marijuana was discovered in the ashtray. The amount of crack cocaine was more than a normal amount for personal use, and it was ready for street-level

distribution. No paraphernalia to ingest the drugs was found in the search of the Cadillac. The evidence is consistent with defendant having placed the Skyy pistol under the front driver's seat and Miles having placed the Taurus revolver and crack cocaine under the front passenger's seat.

The government must prove that the defendant was "in knowing possession of a firearm." United States v. Glover, 431 F.3d 744, 748 (11th Cir. 2005). Possession can be either actual or constructive, sole or joint. COMMITTEE'S PATTERN JURY INSTRUCTIONS, CRIMINAL CASES, ELEVENTH CIRCUIT, SPECIAL INSTRUCTION 6 (2003); United States v. Wright, 392 F.3d 1269, 1273 (11th Cir. 2004). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion of control over the premises or the vehicle in which the object is concealed." United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005); see also United States v. Gunn, 369 F.3d 1229, 1234 (11th Cir. 2004). However, a defendant's "mere presence" in the area of contraband or firearms, alone, is not sufficient to establish possession. United States v. Beckles, 565 F.3d 832, 841 (11th Cir. 2009), cert. denied, 130 S.Ct. 272 (2009). The evidence summarized above convinces the Court beyond a reasonable doubt that defendant knowingly possessed both the Skyy pistol and the Taurus revolver, and the ammunition contained in each.

The Court also finds beyond any reasonable doubt that both the Skyy pistol and the Taurus revolver are "firearms" within the

meaning of federal law, 18 U.S.C. § 921(a)(3), and that the ammunition is "ammunition" within the meaning of federal law, 18 U.S.C. § 921(a)(17)(A). (See Stipulation #2; Government's Exh. #3.)

The Court further finds beyond a reasonable doubt that the Taurus revolver was manufactured in the country of Brazil; the Skyy pistol was manufactured in Florida; and all the ammunition was manufactured in locations other than Florida. The Eleventh Circuit has determined that the interstate nexus requirement is satisfied if the government shows that the firearm and ammunition possessed had previously traveled in interstate commerce. United States v. Scott, 263 F.3d 1270, 1273-74 (11th Cir. 2001). The Court finds beyond a reasonable doubt, based on their manufacture outside the State of Florida and their subsequence presence in the State of Florida, that the Taurus revolver and all the ammunition "affected" interstate commerce within the meaning of § 922(g)(1). United States v. Knight, 562 F.3d 1314, 1328 (11th Cir. 2009)(stipulation that firearm found in car was manufactured in California and crossed state lines before defendant possessed the weapon in Georgia is sufficient to support conviction); United States v. Clay, 355 F.3d 1281, 1286-87 (11th Cir. 2004).

The Skyy pistol was manufactured in Florida and found in defendant's possession in Fort Myers, Florida. The government concedes that it has no evidence that the Skyy pistol was ever outside the State of Florida. The government argues, however, that

because the Skyy pistol was associated with the drugs, and the drugs by law affect interstate commerce, the "in or affecting commerce" provision of § 922(g)(1) is satisfied. The Court is not convinced.

The "in or affecting commerce" requirement brings § 922(g)(1) within the ambit of the Commerce Clause, and thus within the power of Congress to regulate such conduct. United States v. McAllister, 77 F.3d 387, 389-90 (11th Cir. 1996); United States v. Scott, 263 F.3d 1270, 1273 (11th Cir. 2001). The Supreme Court has held that the phrase "in or affecting commerce" indicated a Congressional intent to assert its full Commerce Clause power. Scarborough v. United States, 431 U.S. 563, 571 (1977). This was not altered by United States v. Lopez, 514 U.S. 549 (1995).

The issue remains, however, whether the government has shown a sufficient nexus to interstate commerce to satisfy the statutory requirement. To be sufficient, only a "minimal nexus" is required. McAllister, 77 F.3d at 390 (finding a sufficient nexus when firearm had previously traveled in interstate commerce from state of manufacture to state of possession); United States v. Dupree, 258 F.3d 1258, 1260 (11th Cir. 2001)(minimal nexus requirement satisfied where defendant "brandish[ed] a firearm that was manufactured in California and found in his car" in Georgia). By contrast, McAllister stated that although "[w]hen viewed in the aggregate, a law prohibiting the possession of a gun by a felon stems the flow of guns in interstate commerce to criminals,"

McAlister, 77 F.3d at 390, this is insufficient when evaluating a specific possession of a firearm by a specific person.

The government is correct that the Eleventh Circuit has held that the possession of illegal drugs impacts interstate commerce even in the absence of direct evidence of such an impact. Congress declared that possession of illegal drugs impacts interstate commerce when it enacted section 801 of Title 21, United States Code. Section 801 provides in pertinent part:

> (3) A major portion of the traffic in controlled substances flows through interstate and foreign commerce. Incidents of the traffic which are not an integral part of the interstate or foreign flow, such as manufacture, local distribution, and possession, nonetheless have a substantial and direct effect upon interstate commerce because--
>
> > (A) after manufacture, many controlled substances are transported in interstate commerce,
> > (B) controlled substances distributed locally usually have been transported in interstate commerce immediately before their distribution, and
> > (C) controlled substances possessed commonly flow through interstate commerce immediately prior to such possession.
>
> (4) Local distribution and possession of controlled substances contribute to swelling the interstate traffic in such substances.
>
> (5) Controlled substances manufactured and distributed intrastate cannot be differentiated from controlled substances manufactured and distributed interstate. Thus, it is not feasible to distinguish, in terms of controls, between controlled substances manufactured and distributed interstate and controlled substances manufactured and distributed intrastate.
>
> (6) Federal control of the intrastate incidents of the traffic in controlled substances is essential to the

> effective control of the interstate incidents of such
> traffic.

21 U.S.C. § 801 (2008). This congressional finding authorizes federal prosecutors to enforce the laws against possession, manufacture, and sale of controlled substances. United States v. Bernard, 47 F.3d 1101, 1103 (11th Cir. 1995).

Bernard comes close to supporting the government's analogy, although it was not a firearms case. The Eleventh Circuit held that an intra-state bribe not to enforce drug laws impacted interstate commerce, thus satisfying the Hobbs Act jurisdictional requirement. Bernard, 47 F.3d at 1103 ("We conclude that possession and sale of illegal drugs impacts upon interstate commerce; enforcement of laws against possession or sale of illegal drugs impacts interstate commerce; deliberate nonenforcement of laws against possession or sale of illegal drugs impacts interstate commerce; and a public official's solicitation of bribes in return for not enforcing drug laws impacts interstate commerce.") While Bernard has never been overruled, the Eleventh Circuit recently stated that its continued validity has been called into doubt. United States v. Flores, 572 F.3d 1254, 1267-68 (11th Cir. 2009).

The government is also correct that a number of cases refer to firearms as tools of the drug trade. These cases, however, were typically in the context of evidentiary rulings concerning the admissibility of the firearm in a drug prosecution. United States v. Nixon, 918 F.2d 895, 904 (11th Cir. 1990); United States v.

Rodriguez, 765 F.2d 1546, 1561-62 (11th Cir. 1985). The government has not identified any case in which the simultaneous possession of illegal drugs and an in-state firearm has satisfied the "in and affecting commerce" provision of § 922(g)(1). The Court finds this simultaneous possession to be too minimal a nexus to satisfy the statutory requirement.

The Court has also considered whether the fact that the Skyy pistol was loaded with ammunition which had traveled in interstate commerce is a sufficient interstate nexus. The Court found no case which considered this sufficient. The Court finds that merely putting ammunition, which was an instrumentality of interstate commerce, in a firearm, which otherwise had no impact on interstate commerce, does not satisfy even the minimal nexus required by § 922(g)(1).

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. The Court finds beyond a reasonable doubt that defendant Detrick C. Smith is **GUILTY** of Count One of the Indictment to the extent that on or about January 19, 2009, after having been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year, Detrick C. Smith knowingly possessed (1) a Taurus .38 caliber revolver, serial number JB61158; (2) three rounds of Master .38 caliber ammunition, which was loaded in the Taurus revolver; and (3) seven rounds of Winchester-Western 9 mm

Luger ammunition, which was loaded in the Skyy Industries 9 mm Luger, semi-automatic pistol, serial number 001291, all of which were in or affecting interstate commerce.  While the Court also finds factually beyond a reasonable doubt that defendant knowingly possessed the Skyy Industries 9 mm Luger, semi-automatic pistol, serial number 001291, the evidence does not convince the Court that this possession was in or affecting commerce as required by 18 U.S.C. § 922(g)(1).  Therefore, the Court finds defendant **NOT GUILTY** as to the Skyy Industries 9 mm Luger, semi-automatic pistol, serial number 001291.

2.  Defendant is adjudicated **GUILTY** as set forth above as to the  Taurus .38 caliber revolver, serial number JB61158, the three rounds of Master .38 caliber ammunition which were loaded in the Taurus revolver, and the seven rounds of Winchester-Western 9 mm Luger ammunition loaded in the Skyy Industries Luger.  Defendant is adjudicated **NOT GUILTY** as set forth above as to the Skyy Industries 9 mm Luger, semi-automatic pistol, serial number 001291.

3.  A Pre-Sentence Investigation Report is ordered, and sentencing will be set by separate notice.  Defendant is remanded to the custody of the United States Marshal pending sentencing.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of February, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation
U.S. Marshal