```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                              2:09-cr-59-FtM-29SPC

DETRICK C. SMITH
_____

## OPINION AND ORDER

This matter came before the Court on July 12, 2010, for the sentencing of defendant Detrick C. Smith (defendant or Smith). The Court heard arguments as to whether defendant qualified as an armed career criminal, and took the matter under advisement. Counsel for each side filed a Sentencing Memorandum. (Docs. ## 67, 72.) For the reasons stated below, the Court finds that the United States has not shown that defendant qualifies as an armed career criminal.

### I.

Defendant was charged in a one count Indictment with possession of firearms and ammunition after having been convicted of felony offenses, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), and Section 2. The Indictment identified the following felony convictions: Robbery with a firearm, sale or delivery of cocaine, possession of cocaine, possession of cocaine, felony battery, and possession of a controlled substance. After a motion to suppress was denied, defendant waived a jury trial. After a bench trial, the Court adjudicated defendant guilty of possession of one firearm

and ten rounds of ammunition, and not guilty with respect to a second firearm because of the failure to prove the "in or affecting commerce" element as to that firearm.

Conviction for knowing possession of a firearm or ammunition by a convicted felon pursuant to Section 922(g) is punishable by a term of imprisonment of not more than ten years plus a fine. 18 U.S.C. § 924(a)(2). Under the Armed Career Criminal Act (ACCA), the statutory sentence is increased to a mandatory minimum fifteen years imprisonment if the defendant "has three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . ." 18 U.S.C. § 924(e)(1). The Presentence Report, and the government, contend that defendant qualifies as an armed career criminal under Section 924(e)(1). Defendant concedes that he has two qualifying ACCA felony convictions, but disputes the determination in the Presentence Report that his Felony Battery conviction pursuant to Florida Statute Section 784.041 is a "violent felony."

**II.**

"The prosecution bears the burden of proving that a sentencing enhancement under the ACCA is warranted." United States v. Lee, 586 F.3d 859, 866 (11th Cir. 2009). To determine whether a prior offense is a "violent felony," the Court uses a "categorical approach" in which it looks "only to the fact of conviction and the statutory definition of the prior offense." Taylor v. United

States, 495 U.S. 575, 602 (1990); United States v. Llanos-Agostadero, 486 F.3d 1194, 1196-97 (11th Cir. 2007). The Court considers whether the elements of the offense are of the type that would justify its inclusion within the residual provision, without inquiring into the specific conduct of a particular offender. James v. United States, 550 U.S. 192, 202 (2007). The Court focuses on the elements of the state crime to determine the way in which it is ordinarily committed. United States v. Harrison, 558 F.3d 1280, 1285 (11th Cir. 2009). Where this categorical approach establishes that a statute encompasses both conduct that constitutes a violent felony and conduct that does not, a "modified categorical approach" is followed. Shepard v. United States, 544 U.S. 13, 23 (2005); United States v. Palomino Garcia, 606 F.3d 1317, 1327 (11th Cir. 2010). In such a situation, a court is allowed to go beyond the mere fact of conviction, but is limited to examining only "records of the convicting court approaching the certainty of the record of conviction." Shepard, 544 U.S. at 23.

### III.

Defendant does not dispute, and therefore concedes, that Felony Battery under Florida Statute Section 784.041 is a crime punishable by imprisonment for a term exceeding one year. Defendant also concedes, and the record establishes, that he was convicted of Felony Battery in violation of Florida Statute § 784.041 in 2002 in the Circuit Court in Lee County, Florida. See

Presentence Report, ¶ 48; Government's Exh. 1.  The Information filed in state court alleged that on or about April 8, 2000, defendant "did unlawfully commit a battery upon Doris Jones, by actually and intentionally touching or striking said person against said person's will, and caused great bodily harm, permanent disability, or permanent disfigurement to Doris Jones, contrary to Florida Statute 784.041." Government's Exh. 1.  On June 25, 2002, defendant entered a plea of *nolo contendere*, was adjudicated guilty, and was sentenced to 60 months imprisonment.  Id.

The issue in dispute is whether defendant's Felony Battery in violation of Florida Statute Section 784.041 is a "violent felony" as defined in the ACCA.  The government asserts that this Felony Battery conviction qualifies under both Sections 924(e)(2)(B)(i) and (ii), while defendant argues that it qualifies under neither provision.

**A.  Felony Battery, Florida Statute § 784.041**

State law determines the contours of a state criminal offense. Johnson v. United States, 130 S. Ct. 1265, 1269 (2010).  In Florida, the word "battery" "refers to the touching or striking of another person." State v. Warren, 796 So. 2d 489, 490 (Fla. 2001). Florida law treats "simple" battery as a misdemeanor, Fla. Stat. § 784.03(1)(b), but converts conduct constituting a simple battery into a felony offense when the conduct is committed under certain circumstances or by certain persons.  For example, a simple battery

committed upon a law enforcement officer is treated as a felony, Fla. Stat. § 784.07(2)(b), as is a simple battery committed upon a known staff member of a sexually violent predator detention or commitment facility, Fla. Stat. §784.074(1)(c), and as is a simple battery committed on a person sixty-five years of age or older, Fla. Stat. § 784.08(2)(c). Additionally, a simple battery committed by a person with a prior battery conviction is treated as a felony, Fla. Stat. § 784.03(2). All of these offenses, and others, are referred to as "Felony Battery" under Florida law.

Effective October 1, 1997, the Florida legislature created a new "Felony Battery" criminal offense. See Fla. Stat. § 784.041 (1997). The version of the statute in effect at the time of defendant's offense in 2000[1] provided: "(1) A person commits felony battery if he or she: (a) Actually and intentionally touches or strikes another person against the will of the other; and (b) Causes great bodily harm, permanent disability, or permanent disfigurement." Fla. Stat. § 784.041(1)(1997). This was, and is, a third degree felony punishable by up to five years imprisonment. Fla. Stat. §§ 784.041(2)(1997); 775.082(3)(d)(2000).[2]

---

[1] The statute was amended in 2007 to add a section relating to "domestic battery by strangulation."

[2] When the Court refers to "Felony Battery" in the remainder of this Opinion and Order, it is referring to a violation of Fla. Stat. § 784.041 as the statute existed at the time of defendant's offense.

On March 30, 2000, the Supreme Court of Florida adopted a standard jury instruction for Felony Battery under Fla. Stat. § 784.041. This instruction stated:

> To prove the crime of felony battery, the state must prove the following two elements beyond a reasonable doubt:
>
> 1. (Defendant) actually and intentionally touched or struck (victim) against [his][her] will; and
>
> 2. (Defendant) caused (victim) great bodily harm, permanent disability, or permanent disfigurement

Standard Jury Instructions-Criminal Cases (99-1), 765 So. 2d 692, 695 (Fla. 2000). The first element of Felony Battery is the first prong of the Florida definition of battery.[3] T.S. v. State, 965 So. 2d 1288, 1290 (Fla. 2d DCA 2007). The touching or striking has to be intentional rather than accidental, W.E.P. v. State, 790 So. 2d 1166 (Fla. 4th DCA 2001), and this offense is a general intent crime, like simple battery, Lewis v. State, 817 So. 2d 933, 934 (Fla. 4th DCA 2002). Because the first element is stated in the disjunctive, it may be satisfied by any intentional touching, no matter how slight, or by a striking, which involves an enhanced level of physical force or violence. State v. Hearns, 961 So. 2d 211, 218 (Fla. 2007). The second element -- causing great bodily

---

[3] A person commits simple battery when he either "[a]ctually and intentionally touches or strikes another person against the will of the other" or "[i]ntentionally causes bodily harm to another person." Fla. Stat. § 784.03(1)(a)(1996).

harm, permanent disability, or permanent disfigurement -- distinguishes Felony Battery from simple battery, which has no such requirement. The lack of specific intent as to the injury distinguishes Felony Battery from aggravated battery, which requires intentional and knowing infliction of great bodily harm, permanent disability, or permanent disfigurement. Fla. Stat. § 784.045(1)(a)(1); Wolfork v. State, 992 So. 2d 907, 909-910 (Fla. 2d DCA 2008); T.S., 965 So. 2d at 1290. Felony battery thus "fills the gap" between simple battery and aggravated battery. T.S., 965 So. 2d at 1290, n.3.

**B. "Violent Felony" Under § 924(e)(2)(B)(i) or (ii)**

Whether a prior conviction is a "violent felony" is a question of federal law. Johnson, 130 S. Ct. at 1269; United States v. Santiago, 601 F.3d 1241, 1243 (11th Cir. 2010). "Violent felony" is defined in § 924(e) as follows:

> (B) [T]he term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;
> > . . . .

18 U.S.C. § 924(e)(2)(B).

An offense is a violent felony under § 924(e)(2)(B)(i) if the crime is punishable by a term of imprisonment exceeding one year and the crime "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). "Physical force" within the meaning of this portion of the statute requires "*violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson, 130 S. Ct. at 1271 (emphasis in original).

An offense is a violent felony under § 924(e)(2)(B)(ii) if the crime is punishable by a term of imprisonment exceeding one year and the crime is "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). After Begay v. United States, 553 U.S. 137 (2008), the "residual clause" of § 924(e)(2)(B)(ii) requires that the offense pose a serious potential risk of physical injury comparable to the risk posed by the enumerated crimes, and be "roughly similar, in kind" to the enumerated crimes. Begay 553 U.S. at 143. See also United States v. Alexander, ___ F.3d ___, No. 08-17062, 2010 WL 2541221 (11th Cir. June 25, 2010).

**C. Felony Battery As A Violent Felony**

The government argues generically that "given the fact that great bodily injury, permanent disability or permanent disfigurement *must* occur for the statute to apply, [in] other

words, in the general case, significant force or violence must be present, this Court should find that the statute describes a crime that is a violent felony." (Doc. #72, pp. 2-3.) The difficulty with the argument is that while great bodily injury, permanent disability or permanent disfigurement must be caused by the conduct, the statute does not categorically or invariably require significant force or violence. United States v. Joseph, No. 09-14537, 2010 WL 1253048 (11th Cir. Apr. 1, 2010)("Pursuant to the Supreme Court's recent decision in Johnson, we conclude that the Florida offense of simple battery, as defined by Fla. Stat. Ann. §§ 784.03 and 784.07, will not invariably constitute a crime of violence under the Guidelines. This is because, under the terms of the state statute, the defendant's underlying conduct could have involved the intentional infliction of bodily harm to another, but it also could have involved mere unwanted touching.") Despite significant consequences, the touching required in this Felony Battery statute is no different than that found insufficient in Johnson, 130 S. Ct. at 1269-1270; United States v. Williams, ___ F.3d ___, No. 08-10185, 2010 WL 2484194 (11th Cir. June 22, 2010)(Florida conviction for battery on law enforcement officer); and United States v. Harris, ___ F.3d ___, No. 07-15811, 2010 WL 2382401 (11th Cir. June 16, 2010)(Florida conviction for sexual battery on child under age sixteen). A Felony Battery conviction

under the "touching" prong of Fla. Stat. § 784.041 is not a violent felony under § 924(e)(2)(B)(i).

The Court also finds that an offense under the "touching" prong of Felony Battery would not satisfy the residual clause of § 924(e)(2)(B)(ii) as an offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another." The minimal touching required by Florida law is simply too *de minimis* to constitute a serious potential risk of physical injury to another. This does not end the matter, however, because the Felony Battery statute can also be violated by "striking" another person.

It is a closer question whether "striking" under the Felony Battery statute requires a sufficient amount of force to qualify under either prong of the "violent felony" definition. Hearns seems to have it right by saying "[i]t is also difficult to argue that intentionally striking a law enforcement officer does not involve the requisite level of physical force or violence contemplated by the [state] forcible felony statute" relating to sentencing under the Florida violent career criminal statute. Hearns, 961 So. 2d at 218. See also Gaines v. State, 800 So. 2d 732 (Fla. 5th DCA 2001)(finding sufficient evidence of Felony Battery for hitting a police officer during a 30-second struggle); Lewis v. State, 817 So. 2d 933 (Fla. 4th DCA 2002)(upholding Felony Battery conviction for a punch to the face with a force that

required stitches and left a scar); T.S. v. State, 965 So. 2d 1288 (Fla. 2d DCA 2007)(finding that a punch in the eye constituted Felony Battery). The Court will assume, for the sake of this discussion, that a defendant convicted of Felony Battery under a charging document alleging only the striking alternative has, in the ordinary case, committed a violent felony within the meaning of one or both prongs of the violent felony definition in Section 924(e)(2(B)(i), (ii).

The effect of this is that some conduct prosecuted as Felony Battery (striking) is a violent felony, and some (touching) is not. The Court's procedure in such situations is now well-established:

> When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, some of which require violent force and some of which do not, the "'modified categorical approach'" that we have approved, Nijhawan v. Holder, 557 U.S. ___, ___ 129 S. Ct. 2294, 2302, 174 L. Ed. 2d 22, 31 (2009), permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record -- including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms.

Johnson, 130 S. Ct at 1273. If the Court can conclude from such sources that defendant's conviction rested on conduct satisfying the "striking" prong, his Felony Battery conviction will constitute a violent felony. If not, the Court must assume the conviction rested upon a mere unwanted touching. Johnson, 130 S. Ct. at 1269; Joseph, 2010 at *3.

In this case, the government has filed the charging Information and the criminal Judgment. Government's Exh. 1. Both merely refer to defendant being charged and convicted of "touching or striking" the victim. The government's Sentencing Memorandum includes the state court Sentencing Scoresheet in which the injury to the victim is characterized as "severe" and defendant is assessed 40 points. Assuming this may properly be considered under Shepard, it only relates to the extent of the injury, not whether defendant was convicted based upon a "strike" rather than a "touch." We know from the categorical approach that the victim must have suffered significant injury - either great bodily harm, or permanent disability, or permanent disfigurement - even if the conduct was a mere touching. Characterizing that injury as severe does not add to what we know about the level of force used. Indeed, a Florida appellate court has found that a conviction which requires defendant to have caused great bodily harm, permanent disability, or permanent disfigurement inherently supports an assessment of 40 points for severe injury to a victim. Fleming v. State, ___ So. 2d ___, No. 1D05-3411, 2006 WL 1041164 (Fla. 1st DCA Apr. 21, 2006). Although the government asserts that the "victim score sheet injury report is a factual finding by the sentencing court as to the injuries sustained by the victim," (Doc. #72, p. 4), it does not cite to any legal authority as to what constitutes

a "severe" injury or provide any document with identifies any fact about how the "severe" injury was caused.

Additionally, the government asserts that defendant has not clearly objected to the entire factual narrative set forth in paragraph 48 of the Presentence Report, which sets forth a factual basis for the Felony Battery arrest, and until defendant does so the Court can consider such facts to be undisputed in ruling on the ACCA enhancement. (Doc. #72, pp. 5-6.) The government is certainly correct that a defendant must make clear and specific objections at sentencing, or else he will waive the objection and be deemed to have conceded the unobjected to matter. The cases the government relies upon, however, are far different fact patterns than we have in this case. Here, the Presentence Report characterized defendant's Felony Battery conviction as a violent felony. To arrive at this conclusion, the Presentence Report apparently relied upon an arrest affidavit and a police report. Defendant clearly objected to this characterization, and has argued that under either the categorical approach or the modified categorical approach his Felony Battery conviction cannot be classified as a violent felony. This objection triggered the government's obligation to prove the enhancement. Despite clear law that the Court may consider only certain types of court documents, not usually including arrest affidavits or police reports, the government attempts to skirt this rule by asserting

that defendant must respond to the contents of the unauthorized documents or be deemed to have admitted the contents. The Court disagrees, and finds that defendant has sufficiently objected to the utilization of his Felony Battery conviction as a violent felony without responding to the factual contents of the police documents.

Nothing in the record which the Court is allowed to consult under Shepard establishes that conduct constituting "striking" was the basis of the Felony Battery conviction. In such a case, the Court must assume the conviction was based on touching, Johnson, 130 S. Ct. at 1269; Joseph, 2010 at *3, and as such it does not qualify as a violent felony.

For the same reasons, the Court finds that defendant's Felony Battery conviction is not a "crime of violence" under U.S. Sentencing Guidelines Manual Section 2K2.1(a)(2)(2009). See, e.g., United States v. Harris, 586 F.3d 1283, 1285-86 (11th Cir. 2009)(applying ACCA procedure and law to Sentencing Guidelines issue); Palomino Garcia, 606 F.3d at 1328-31 (same). Thus, the Felony Battery conviction must be stricken from the career offender discussion in Paragraph 51 of the Presentence Report.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant's objection to being considered an Armed Career Criminal pursuant to 18 U.S.C. § 924(e) is **SUSTAINED.**

2.  The Presentence Report shall be amended to reflect the following changes:

A.  Reference on the unnumbered first page to Armed Career Criminal shall be **deleted**.  The statutory maximum sentence and the lack of a mandatory minimum sentence shall be corrected accordingly.

B.  Paragraph 19 of the Presentence Report shall delete reference to § 924(e) and to Felony Battery as being one of the crimes of violence.  This does not change the Base Offense Level in that paragraph.

C.  Upon the stipulation of the parties, the Court has already found that Paragraph 21 was to be stricken from the Presentence Report.

D.  Paragraph 25 is amended to reflect an Adjusted Offense Level of 28.

E.  Paragraph 28 is amended to reflect a Total Offense Level of 25.

F.  Paragraphs 29-32 are deleted, and a new version of ¶ 29 shall reflect no Chapter Four enhancements.

G.  Paragraph 51 is deleted.

H.  Paragraph 97 is amended to reflect a total offense level of 25, a criminal history category of VI, and a Sentencing Guidelines range of 110 to 120 months (the statutory maximum sentence).

I. Paragraph 100 is amended to reflect a term of supervised release of not more than three years.

J. Paragraph 101 is amended to reflect a Class C felony and a Sentencing Guidelines range of two to three years.

K. Paragraph 104 is amended to correct the reference to 18 U.S.C. § 922(g)(1) (instead of Title 21), delete reference to § 924(e), and provide the appropriate statutory provision regarding probation.

L. Paragraph 105 is amended to reflect the appropriate provision regarding probation pursuant to the Sentencing Guidelines.

M. Paragraph 108 is amended to reflect a fine range of $10,000 to $100,000.

3. The Probation Office shall attach a copy of this Opinion and Order to the Presentence Report when sent to the U.S. Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this ___19th___ day of July, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
U.S. Probation